# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR XAVIER BARRERA,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 17-07096-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On September 26, 2017, Hector Xavier Barrera ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on February 5, 2018. On April 30, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff is a 65 year-old male who applied for Social Security Disability Insurance benefits on August 23, 2012, alleging disability beginning December 6, 2011. (AR 289.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 6, 2011, the alleged onset date. (AR 20, 291.)

Plaintiff's claim was denied initially on March 23, 2013. (AR 289.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sally C. Reason on March 17, 2014, in West Los Angeles, California. (AR 289.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 289.) Medical expert ("ME") Harvey L. Alpern, M.D. and vocational expert ("VE") Aida Y. Worthington also appeared and testified at the hearing. (AR 289.)

The ALJ issued an unfavorable decision on April 4, 2014. (AR 289-299.) On October 6, 2015, the Appeals Council vacated the ALJ decision and remanded this case for further proceedings. (AR 306-307.)

Pursuant to the Remand Order, Plaintiff appeared and testified at a hearing held before ALJ Sally C. Reason on May 2, 2016, in West Los Angeles, California. (AR 18.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 18.) Also appearing and testifying were ME Herbert M. Tannenhaus, M.D. and VE Carmen Roman. (AR 18.)

The ALJ issued an unfavorable decision on October 12, 2016. (AR 18-30.) The Appeals Council denied review on August 14, 2017. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ's finding that Plaintiff does not suffer from a severe mental impairment is supported by substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 6, 2011, the alleged onset date. (AR 20, 291.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: coronary artery disease status post stenting, left shoulder rotator cuff surgery, and multilevel degenerative disc disease with a history of laminectomy. (AR 20-24.) The ALJ also found that Plaintiff's medically determinable mental impairment of depression is nonsevere. (AR 21-24.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24-25.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant can lift up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking up to 6 hours in an 8-hour workday, and sitting up to 6 hours in an 8-hour workday, with the following additional restrictions: occasional performance of postural activities, no climbing of ladders, ropes or scaffolds, and occasional overhead activities with the left, non-dominant extremity.

(AR 25-29.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 26.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a human resources adviser. (AR 29.) Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 30.)

**DISCUSSION**

The ALJ decision must be reversed. The ALJ's determination that Plaintiff's mental impairment of depression is nonsevere is supported by substantial evidence. The ALJ, however, failed to consider Plaintiff's mild nonsevere mental limitations in assessing Plaintiff's

RFC and failed to include Plaintiff's mild nonsevere mental limitations in the hypothetical question to the VE.

### A. Background

Plaintiff alleges disability beginning December 6, 2011 due to coronary artery disease, spondylolisthesis and spinal stenosis, and depression. (AR 18.) The ALJ determined that Plaintiff has the severe medically determinable physical impairments of coronary artery disease status post stenting, left shoulder rotator cuff surgery, and multilevel degenerative disc disease with a history of laminectomy. (AR 20.) The ALJ also determined that Plaintiff's mental impairment of depression is nonsevere. (AR 21-24.)

The ALJ assessed Plaintiff with a light work RFC with various physical limitations but no mental limitations. (AR 25.) Plaintiff does not challenge the ALJ's physical RFC (JS 5 fn.1) but does dispute the ALJ's finding that Plaintiff's depression is nonsevere. Plaintiff has past work as a senior human resources consultant for an aerospace and defense firm that was skilled. (AR 29.) Plaintiff contends that even mild mental limitations in combination with his physical impairments would preclude his past relevant work, contrary to the ALJ's finding that Plaintiff can perform such work. (AR 29.)

### B. Relevant Federal Law On Severity

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Bowen, 482 U.S. at 140-41. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two determination is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-54. An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See SSR 85-28; Webb v. Barnhart, 433 F.3d

683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential process should not end at step two. Webb, 433 F.3d at 687 (adopting SSR 85-28).

**C.     Analysis Of Severity**

The ALJ's finding that Plaintiff's mental impairment of depression is not severe is supported by substantial evidence. No doctor opined that Plaintiff has a severe mental impairment. The ALJ found that Plaintiff has only mild limitations in activities of daily living and social functioning and in concentration, persistence, and pace. (AR 21-22.) As a result, the ALJ determined that Plaintiff's mental impairment is nonsevere. (AR 22.)

The ALJ's conclusion is supported by the opinions of several testifying, examining and reviewing physicians. Dr. Cooper, a psychiatrist, examined Plaintiff on January 24, 2011, before the alleged onset date and found Claimant's depressive disorder was resolved, with no need for psychiatric treatment. (AR 22-23, 1118.) On April 29, 2013, Dr. Jeriel Lorca, a Board certified psychiatrist, opined Plaintiff had mild limitations in performing complex tasks, completing a normal work week, and dealing with stresses at work. (AR 23, 771.) The ALJ gave considerable weight to Dr. Lorca's opinion. (AR 23.) On May 15, 2013, State agency reviewing physician Dr. Brady Dalton, Psy.D., opined that Plaintiff's mild psychiatric limitations are nonsevere. (AR 278-79.) On May 2, 2016, the testifying expert Dr. Harvey Tannenhaus, a Board certified psychiatrist, opined that Plaintiff has at most a mild level of impairment. (AR 23, 24, 202-212.) Dr. Robert Lerner did not provide an opinion as to Claimant's mental RFC. (AR 22-23.) The ALJ reasonably concluded that the evidence does not support more than mild limitations. (AR 23, 24.) Consequently, the ALJ found that Claimant's mental impairment of depression is not severe. (AR 24.)

Plaintiff disagrees with the ALJ's nonseverity finding, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.2d at

1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ's finding that Plaintiff's mental impairment of depression is not severe is supported by substantial evidence.

**D.     ALJ Errors**

The ALJ erred in failing to consider Plaintiff's nonsevere mental impairment of depression in her RFC assessment and in her hypothetical to the VE.

The same error occurred here as in Hutton v. Astrue, 491 F. App'x 850, 851 (9th Cir. 2012). There, the ALJ found that a mild limitation in concentration, persistence, and pace due to the claimant's PTSD was nonsevere. The Ninth Circuit found error because, regardless of severity, the ALJ was required to consider claimant's PTSD in determining his RFC. See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are 'not severe'"). SSR 96-8p provides:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may — when considered with limitations or restrictions due to other impairments — be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

(Emphasis added.)

Numerous district courts in this Circuit have followed Hutton. Gates v. Berryhill, 2017 WL 2174401, at *2 (C.D. Cal. May 16, 2017); Reddick v. Colvin, 2016 WL 3854580, at *4 (S.D. Cal. July 15, 2016); Smith v. Colvin, 2015 WL 9023486, at *8-9 (N.D. Cal. Dec. 16, 2015); Kramer v. Astrue, 2013 WL 256790, at *2-3 (C.D. Cal. Jan. 22, 2013). Plaintiff cited Hutton in

his portion of the Joint Stipulation for the propositions that failure to include mild limitations in the RFC and in the hypothetical to the VE is error. (JS 8-9.) The Commissioner, however, did not address Hutton or its requirement that mild limitations that are nonsevere must be considered in assessing a claimant's RFC and in formulating the hypothetical question to the VE. The Commissioner instead cited Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007), which the above cases have distinguished because it did not address whether an ALJ must consider mild mental limitations in his or her RFC, only whether a severity determination at step two is dispositive of a step five determination of alternate work. See Gates, 2017 WL 2174401, at *3; Kramer, 2013 WL 256790, at *3.

This case falls squarely under Hutton. The ALJ found mild limitations in activities of daily living, social functioning, and concentration, persistence, and pace. (AR 21-22.) Based on these limitations, the ALJ determined that Plaintiff's mental impairment of depression is nonsevere. (AR 22.) The ALJ, however, discusses Plaintiff's depression only within Finding No. 3 (severity) of the decision. There is no discussion or reasoned consideration of Plaintiff's depression in Finding No. 5 (RFC) or No. 6 (past relevant work). The ALJ did not say she had considered mild limitations or nonsevere impairments, offering only boilerplate language that she had considered "all symptoms." (AR 25.) Gates, 2017 WL 2174401, at *3, rejected the Commissioner's argument that one can "infer" that the ALJ considered Plaintiff's mild mental limitations as inconsistent with Hutton. Most importantly, there is no discussion in Finding No. 5 of the ALJ decision of the impact of Plaintiff's nonsevere mental impairment of depression in combination with the limitations resulting from other impairments. Also, the ALJ did not include in her hypothetical to the VE Plaintiff's mild nonsevere mental limitations. (AR 229.)

The ALJ plainly erred. The error, moreover, was "not inconsequential to the ultimate nondisability determination" and was not harmless. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012). As in Gates, 2017 WL 2174401, at *3, "[o]n the present record, it cannot be determined what would have happened had the ALJ considered Plaintiff's mild [mental limitations] when assessing the RFC or how the VE would have testified had [those limitations] been include[d] in the hypothetical question."

Accordingly, the Court must reverse.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: September 5, 2018

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE